IN THE MATTER OF UNIFORM DOCKETING RULE

73-240

December 24, 1973

PER CURIAM

Effective January 1, 1974 the following is adopted as Rule 15 of the Uniform Rules of Procedure for Circuit, Chancery and Probate Courts.

RULE 15

At the discretion of the presiding judge the following may be adopted as a uniform docketing rule of the court:

DOCKET NUMBERING

*CIVIL DOCKETS*

Civil cases shall be assigned docket numbers in the order of filing as follows:

Beginning with the first case filed each year in each court, the last two digits of the current year shall be entered followed by a hyphen and the number assigned to the case beginning with the number "1". Thus, the first case filed in 1974 will be assigned the docket number "74-1" and the first case filed in 1975 will be assigned the docket number "75-1". In those instances where the presiding judge is of the opinion that further identification is desirable the letters "CIV" preceding the docket number for civil cases in Circuit Court, the letter "E" preceding the docket number for cases filed in Chancery Court, and the letter "P" preceding the docket number for cases filed in Probate Court may be used.

*CRIMINAL DOCKETS*

The procedure to be used for criminal cases shall be the same as that for civil cases except that the docket number shall be preceded by the letters "CR"; thus the

first criminal case filed in the year 1974 will be designated as "CR-74-1" and the first criminal case filed in the year 1975 will be designated as "CR-75-1".

## COURTS OF LIMITED JURISDICTION

All County, Juvenile, Municipal, City, Police, Justice of the Peace Courts and Courts of Common Pleas shall follow the docketing procedure set forth above for Circuit, Chancery and Probate Courts.

## PER CURIAM

In compliance with the motion adopted by the Arkansas Judicial Council on October 12, 1973, whereby said Council approved the Code of Judicial Conduct [with the second alternate Canon 5C (2)] adopted by the House of Delegates of the American Bar Association on August 16, 1972, this Court declares that such Code constitutes proper standards for the Judiciary of this State. The reports of compensation required by Canon 6 of the Code should be filed annually during the month of June, for the preceding calendar year, with the Clerk of the Arkansas Supreme Court, Justice Building, Little Rock Arkansas, 72201.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I dissent to the action of this court in adopting the Judicial Code as a standard of conduct for judges and in fixing a time and place for the filing of the financial reports required by the Judicial Code. Such action on the part of this court is not authorized by the Constitution—in fact as I read the Constitution such action is prohibited. Article 4, of the Constitution of Arkansas provides:

"§ 1. DEPARTMENTS OF GOVERNMENT.—The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.

"§ 2. SEPARATION OF DEPARTMENTS.—No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

The only other provisions of our Constitution giving any jurisdiction and power to the Supreme Court are Article 7, § 4 and amendment 28. Article 7, § 4 provides:

"JURISDICTION AND POWERS OF SUPREME COURT.—The Supreme Court, except in cases otherwise provided by this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the State, under such restrictions as may from time to time be prescribed by law. It shall have a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo warranto, and, other remedial writs, and to hear and determine the same. Its judges shall be conservators of the peace throughout the State, and shall severally have power to issue any of the aforesaid writs."

Amendment 28 provides:

"The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law."

In *Parker* v. *Laws*, 249 Ark. 632, 460 S.W. 2d 337 (1970), I pointed out in my concurrence that this court has no authority under Article 7, § 4 to discipline judges —the discipline of judges is reserved to the General Assembly under the provisions on impeachment. Amendment 28 applies by its own provisions only to "the practice of law and the professional conduct of attorneys at law". By the decisions of this court it does not permit the investigation of the conduct of a trial judge.

While I agree that the "Judicial Code" is worthy of adoption by this state as a standard of conduct for judges, it appears to me that we are violating Article 4, § 2 and usurping a power reserved to the legislative body by promulgating a rule that would lead the public to believe that judges are obligated by rule of this court to comply therewith.

Even if the per curiam adopting the "Judicial Code" be considered only as a guide to judicial conduct and not as a rule of judicial conduct, still we are giving the

appearance of legislating and with some logic can be accused of legislating contrary to the Constitution. If this country is to remain a "nation of laws" then those in authority (especially those with whom "the buck stops") must not only comply with a constitutional mandate but also with the spirit thereof.

For the reasons stated, I respectfully disagree with the foregoing per curiam adopting the "Judicial Code."